UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRISTEN BRETTEL,              )<br>                                            )<br>     Plaintiff,                     )<br>   v.                                  )<br>                                            )<br>OMRON SCIENTIFIC TECHNOLOGIES, INC.   )<br>and OMRON STI MACHINE SERVICES, INC.,  )<br>                                            )<br>     Defendants/                 )<br>     Third Party Plaintiffs,     )<br>   v.                                  )<br>                                            )<br>MADICO, INC.,                   )<br>                                            )<br>     Third Party Defendant.  ) | CIVIL ACTION<br>NO. 14-13936-JGD |

## ORDER ON PLAINTIFF'S MOTION TO STRIKE PORTIONS OF OMRON'S SUMMARY JUDGMENT MATERIALS

March 27, 2018

DEIN, U.S.M.J.

### I. INTRODUCTION

The plaintiff, Kristen Brettell, was injured while working on a laminating machine at the facility of her employer, Madico, Inc. ("Madico"). She brought this action against the defendants, Omron Scientific Technologies, Inc. and Omron STI Machine Services, Inc. (collectively "Omron"), alleging that Omron had been negligent in its inspection, testing and/or servicing of the laminating machine. Omron brought a third-party complaint against Madico seeking indemnification and alleging breach of contract. Omron and Madico have both filed motions for summary judgment which are presently pending before this court.

In connection with her opposition to Omron's motion for summary judgment, Brettell has filed a "Motion to Strike Portions of the Defendants' Summary Judgment Materials." (Docket No. 104). Therein, she is seeking to strike various exhibits submitted by Omron in support of its motion for summary judgment, as well as related paragraphs of Omron's statement of undisputed facts ("SUF"). For the reasons detailed herein, the motion to strike is DENIED WITHOUT PREJUDICE. Nothing herein shall preclude the plaintiff from objecting to the admissibility of such evidence at trial.

## II. CHALLENGED MATERIALS

**Exhibit 1 and SUF ¶¶ 1, 2, 3, 5, 8, 9**
**Photographs A and B**

Exhibit 1 to Omron's motion for summary judgment is a compilation of documents that Omron produced during discovery. SUF ¶¶ 1, 2, 3, 5, 8, and 9 cite to materials included in Exhibit 1 in support of their factual assertions. Exhibits A and B to Omron's motion for summary judgment are photographs of the machinery that were produced by witnesses during discovery. The plaintiff has objected to these materials on the grounds that the documents were unauthenticated in connection with the motion for summary judgment. See Goguen ex rel. Goguen v. Textron, Inc., 234 F.R.D. 13, 16-17 (D. Mass. 2006) ("Each document submitted in support of summary judgment must either be properly authenticated, or must be self-authenticating under the Federal Rules. The authentication requirement is rarely onerous; in many instances, a single sentence will suffice, indicating that the document is what it appears to be." (internal citations omitted)). The facts at issue are not controversial, and have been substantially, but not unequivocally, admitted by the plaintiff.

Omron contends that the documents have been authenticated at various depositions, and has also submitted the affidavit of Craig C. Wille to authenticate the documents as Omron's business records. It has also provided the deposition testimony in which the various materials were authenticated.

This court agrees with the plaintiff that it would have been better not to have included irrelevant material in Exhibit 1. Moreover, this court agrees that the mere fact that a document has been produced in discovery does not render it admissible or otherwise appropriately considered in connection with a motion for summary judgment. However, this court finds that Omron has sufficiently authenticated the relevant documents and photographs for purposes of the pending motion for summary judgment by cross-referencing the materials to deposition testimony and exhibits. In fact, the plaintiff does not seriously challenge the authenticity of the documents (just the fact of a lack of authentication). With respect to the photographs, plaintiff argues that the views depicted in the photographs are distorted, but she was free to put in her own photographs and to argue about the accuracy of the photographs. There is no basis to strike them from the summary judgment record.

Similarly, while the statements of undisputed facts cite to the documents in Exhibit 1, the facts are not dependent on the accuracy of the exhibits themselves. The plaintiff has responded to the statements of fact based on her understanding of the record in this case. There is no basis to strike the statements of fact.

**Exhibit 12: Madico Incident Report**
**SUF ¶¶ 31-34**

The plaintiff has moved to strike Madico's incident report (Exhibit 12) on the grounds that it contains inadmissible hearsay, in particular about how the accident happened. In

addition, she has moved to strike various statements of fact that rely on the incident report for support. Omron contends that the report is admissible as an admission of Madico, or as a business record. For the following reasons, the motion to strike is denied without prejudice. However, this is not to be considered a ruling in any way that the report would be admissible at trial.

"For a statement to be an admission under [Fed. R. Evid.] 801(d)(2), the statement must be made by a party, or by a party's agent or servant within the scope of the agency or employment. Each link in the chain must be admissible, either because it is an admission and thus not hearsay or under some other hearsay exception." Vazquez v. Lopez-Rosario, 134 F.3d 28, 34 (1st Cir. 1998) (internal citations omitted). In the instant case, it is not possible to ascertain definitely whether the report qualifies as an admission. For example, the report contains some factual information (such as relating to the configuration of the machine) that appears to have been based on the personal knowledge of the author of the report, a Madico employee, while other information about the way the accident happened seems to be based on hearsay and not attributable to someone with personal knowledge. It is also not clear that such statements were made within the scope of the declarant's authority. See Brookover v. Mary Hitchcock Mem. Hosp., 893 F.2d 411, 416 (1st Cir. 1990) (while admission may not always have to be based on personal knowledge, statement must be concerning a matter within the scope of the declarant's employment).

The plaintiff's main objection to the report is the description and purported re-enactment of the accident. The parties, however, have the deposition testimony of the plaintiff and the other alleged witnesses, and have presented that testimony in connection with the

[4]

motion for summary judgment and opposition thereto. Similarly, the plaintiff has laid out her objections to the information contained in the report in her response to the statement of facts. Thus, while the court will not strike the incident report at this stage, the court will consider the objections thereto and the other relevant evidence in determining how much weight it should be afforded.[1]

### ORDER

For the reasons detailed herein, "Plaintiff's Motion to Strike Portions of the Defendants' Summary Judgment Materials" (Docket No. 104) is DENIED WITHOUT PREJUDICE.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[1] This court will leave to another day Omron's contention that the incident report qualifies as a business record. In this court's view, as of this stage in the litigation, the appropriate foundation has not been laid. See generally Wingate v. Emery Air Freight Corp., 385 Mass. 402, 403-07, 432 N.E.2d 474, 476-78 (1982); Palmer v. Hoffman, 318 U.S. 109, 113-15, 63 S. Ct. 477, 480-81, 87 L. Ed. 645 (1943).